# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

woates@faillacelaw.com

June 4, 2021

**BY ECF**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



      Re:    Esteban Morales, et al v. Thomas Colicchio, et al
              Index No.: 20-cv-08519-KPF

Your Honor:

      This office represents Plaintiffs in the above-referenced matter. Plaintiffs write to submit their views on why the agreed upon settlement in this matter is fair and reasonable.

      The parties have agreed to a Settlement Agreement ("Agreement") after extensive settlement discussions and several mediation sessions with a court-appointed mediator, Terrance J. Nolan. A copy of the proposed Agreement is attached hereto as "Exhibit A." We respectfully request the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

1. **Background**

      On or about April 22, 2016, Plaintiffs, other than Carlos Peri, commenced an action in the United States District Court for the Southern District of New York, under docket number 16-cv-03023 ("the Original Action"). In their Complaint, Plaintiffs alleged claims for, *inter alia*, unpaid minimum wages, unpaid overtime compensation, the failure to provide wage notices and accurate wage statements, and the recovery of equipment costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

      Plaintiffs were employed by Defendants at a restaurant doing business under the name "Wichcraft". Plaintiffs allege, *inter alia*, that Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without paying them the proper minimum wage and overtime compensation required by federal and state laws. All Plaintiffs were paid on a tip-credited hourly rate. Plaintiffs maintained, however, that they were entitled to receive

*Certified as a minority-owned business in the State of New York*

3760075.1

Page 2

full minimum wage for all hours worked as they allegedly spent in excess of 20% of their day, or two hours each day (whichever is less), performing non-tipped tasks, which allegedly included carrying up items from storage in the basement, including sodas, containers, and ice; stocking sodas in the refrigerator; taking out the garbage; preparing bags of chips; sweeping; mopping; washing the sidewalk; cleaning the windows and bathrooms; preparing creams and sauces; packing boxes; organizing deliveries; bringing in bicycles; passing out flyers; preparing chip and guacamole bowls and other foods; cleaning the refrigerator; receiving deliveries from suppliers; and transporting items between the various restaurant locations.

The Parties, as well as Carlos Peri, reached a settlement in the Original Action, which was approved by this Court on or around April 3, 2020.

On or about October 13, 2020, Plaintiffs commenced an action in the United States District Court for the Southern District of New York, under docket number 20-cv-08519 ("the Settlement Action"), in furtherance of the Original Action and settlement thereof. The parties have now resolved the Settlement Action and the Original Action by modifying the Agreement in the Original Action.

Defendants categorically deny the allegations in the Complaints in both the Original Action and the Settlement Action.

2. **Settlement Terms**

Plaintiffs allege they were entitled to back wages of approximately $401,106.01. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $1,152,236.55 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $180,000.00. Allocations for the individual Plaintiffs are provided for at paragraph 3(b) in the Agreement (Exhibit A).

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Defendants indicated that they were and are financially strained due to the ongoing COVID-19 pandemic. In order to secure payment, this information contributed to Plaintiffs' decision to modify the original settlement agreement because they understood that even if they were to obtain a judgment, collecting it would be difficult. Such modifications include the imposition of individual liability for settlement payment as opposed to only corporate liability on behalf of the restaurant entity, as well as an expedited payment timeline that requires Defendants

3760075.1

Page 3

to submit settlement checks to Defendants' counsel within fourteen (14) days of the Agreement's execution, for prompt delivery to Plaintiffs' counsel by overnight mail upon settlement approval. This process differs substantially from the settlement mechanics outlined in the earlier Agreement, but was agreed to by all Parties in order to facilitate resolution and secure settlement funding.

Moreover, throughout the litigation of the Original Action and the Settlement Action, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. To exemplify same, Defendants were adamant that Plaintiffs worked less hours than claimed, and indicated they were willing to provide witnesses to this effect. Considering these risks, and the inherent risks of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3.  **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $59,976.00 from the settlement fund as attorneys' fees and costs. This represents approximately one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $62,875.00 and Plaintiffs' costs are $400.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense

Page 4

due to the parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.    <u>Michael Faillace</u>. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.

      ii.    <u>William K. Oates</u>. I am an associate at Michael Faillace & Associates, P.C. I graduated New York Law School in 1995, and am admitted to the New York State Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, I have been responsible for a caseload involving all aspects of the firm's employment docket in federal court. My work is billed at the rate of $400.00 per hour

      iii.    <u>Daniel Tannenbaum</u>[1]. Daniel Tannenbaum was an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. He joined Michael Faillace & Associates, P.C. in March 2019, where he was responsible for a caseload involving all aspects of the firm's employment docket in federal court. Mr. Tannenbaum's work was billed at the rate of $350.00 per hour.

      iv.    <u>Jesse Barton</u>. Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for the years 2016-2019. Mr. Barton's work is billed at the rate of $375.00 per hour

---

[1] In Exhibit "C," Mr. Tannenbaum's billing records are the ones that have the initials "CS" in the right-hand column.

...

Case 1:20-cv-08519-KPF   Document 39   Filed 06/07/21   Page 5 of 5

Page 5

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s_____
William K. Oates, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Alexander Leonard, Esq. (via ECF)
      Jeffrey A. Miller, Esq. (via ECF)
      *Attorneys for Defendants*

Attachments

```
The Court has reviewed the settlement documents for fairness in
accordance with the FLSA and Second Circuit law, see, e.g.,
Cheeks v. Freeport Pancake House, 796 F. 3d 199 (2d Cir. 2015),
and has concluded that the terms are fair and reasonable.  (See
Dkt. #38).  It should be noted, however, that the Court is not in
this endorsement opining specifically on the reasonableness of
the rates charged by the attorneys representing Plaintiffs.

Accordingly, the settlement agreement is approved, and the Clerk
of Court is directed to terminate all pending motions, adjourn
all remaining dates, and close this case.

                                   SO ORDERED.

Dated:  June 7, 2021
        New York, New York         [signature: Katherine Polk Failla]

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE
```

Page 5

3760075.1